IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BENJAMIN E. CLIFTON,

    Plaintiff,

v.

    Case No. 25-cv-1251-NJR

KELSEY SMITH, GREGORY LITTLE,
and CHRISTEL CROW,

    Defendants.

## ORDER OF DISMISSAL

**ROSENSTENGEL, District Judge:**

    Plaintiff Benjamin E. Clifton, who at the time he filed his Complaint was an inmate of the Illinois Department of Corrections ("IDOC") incarcerated at Menard Correctional Center, brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On February 11, 2026, Defendants filed a motion to dismiss the case for want of prosecution because they had learned in the process of serving a motion upon Clifton at Menard that he was no longer in IDOC custody (Doc. 25, p. 1). The Court's own review of IDOC's inmate locator website confirmed that Clifton was no longer in IDOC custody, and his current whereabouts were unknown (Doc. 26). On February 12, 2026, the Court entered a notice of impending dismissal (Doc. 26), directing Clifton to update his address and indicate his intentions to pursue his claims or face dismissal of his claims for failure to prosecute. Clifton had until February 26, 2026, to respond. As of this date, Clifton has not responded to the Court's Order.

    Accordingly, this entire action shall be **DISMISSED with prejudice** for Clifton's

failure to comply with a Court Order and/or prosecute his claims. *See* FED. R. CIV. P. 41(b).

Clifton is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Clifton wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Clifton does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment and close the case.

**IT IS SO ORDERED.**

**DATED:  March 4, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**